## JOAB B. ROGERS *vs.* MARY A. CARROLL.

A general statute provided that writs of error might be brought from the judgments of all city courts to the Superior Court. A later act repealed this statute and provided that writs of error from the judgments of city courts should be brought as provided in the charters of the several cities. The charter of the city of Norwich contained no provision for writs of error from the judgments of its city courts. Held that no writ of error would lie to the Superior Court.

And held that jurisdiction over writs of error was not given to that court by a provision of the city charter that where a party is entitled to a writ of error a motion in error may be allowed to the Superior Court.

WRIT OF ERROR from a judgment of the City Court of the city of Norwich, brought to the Superior Court in New London County. The defendant in error moved that the cause be erased from the docket on the ground that the Superior Court had no jurisdiction of the writ of error; which motion the court (*Martin, J.,*) granted, and ordered the case stricken from the docket. The plaintiff in error brought the record before this court by a motion in error.

*S. Lucas,* for the plaintiff in error.

*S. S. Thresher,* for the defendant in error.

PARK, C. J. The question presented by the record in this case is, whether the Superior Court had jurisdiction of the writ of error brought by the plaintiff to reverse a judgment of the City Court of the city of Norwich, rendered in June, 1875. Prior to the revision of 1875 there was a general statute which provided that writs of error might be brought to the Superior Court from the judgments and decrees of city courts. Gen. Statutes, 1866, page 44. By the revision of 1875 this statute was repealed, and it was provided that "writs of error from judgments and decrees of city courts shall be brought as provided in the charters of the several cities." Gen. Statutes, 1875, page 449. The charters of the city of Norwich does not provide for the bringing of writs of error in any manner. The Superior Court therefore had no

jurisdiction of this writ of error, and the cause was properly erased from the docket of the court.

The counsel for the plaintiff in error insist that the statute should be construed as conferring jurisdiction, when considered in connection with the charter of the city, which provides that "when a party is entitled to a writ of error, a motion in error may be allowed to the Superior Court, and that court shall proceed therein in the same manner as on a writ of error." But it is clear that there is nothing in the statute or charter, considered together or separately, that confers jurisdiction upon the Superior Court of such writs of error. The statute refers the subject wholly to the charter, and the charter merely authorizes motions in error where parties are entitled to writs of error.

There is no error in the judgment complained of.

In this opinion the other judges concurred.